IN THE UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SARA C. WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v- ) | No. 10-CV-05766 |
| ) | |
| NCO FINANCIAL SYSTEMS, INC. ) | |
| ) | |
| ) | |
| Defendant. ) | |

**<u>DEFENDANT NCO FINANCIAL SYSTEMS, INC'S OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS PURSUANT TO PLAINTIFF'S ACCEPTANCE OF THE OFFER OF JUDGMENT</u>**

NOW COMES defendant NCO Financial Systems, Inc., ("NCO"), by and through the undersigned counsel, and hereby submits the following Opposition to Plaintiff Sara C. Williams' Petition for Attorney's Fees and Costs pursuant to Plaintiff's acceptance of the Offer of Judgment. In support thereof, NCO states as follows:

### I.  BACKGROUND INFORMATION

On October 29, 2010, plaintiff Sara C. Williams filed her original complaint alleging that NCO violated the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692, *et seq.* in its attempts to collect a debt.

On January 18, 2010, NCO served plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, permitting her to recover $1,000.00. That same day the Offer of Judgment was accepted via email correspondence by plaintiff's counsel. On March 3, 2011 plaintiff filed the accepted Offer of Judgment.

The Offer of Judgment accepted by plaintiff stated, in relevant part, that the

> judgment entered <u>shall include an additional amount for Plaintiff's reasonable costs and attorney's fees accrued through the date of this Offer of Judgment</u> either: 1) as agreed to by counsel for the parties; or 2), in the event counsel cannot agree, as determined by the Court upon application by Plaintiff's counsel.

*See Plaintiff's Memorandum in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit A [doc 8-2] (emphasis added)*.

Despite their best efforts, the parties were unable to reconcile the fee claim. Thereafter, on March 17, 2011, plaintiff filed her Petition for Attorney's Fees and her Memorandum in Support of plaintiff's Motion for an Award of Attorney's Fees and Costs pursuant to Plaintiff's Acceptance of the Offer of Judgment. *See doc 8*. Specifically, it appears that plaintiff seeks $7,639.00 for attorney's fees and $350 for costs. Plaintiff went to great lengths in her motion to argue that counsel is entitled to recover attorney's fees and costs. Counsel's right to recover fees and costs is not in dispute. NCO acknowledges that under both the FDCPA and the terms of the Offer of Judgment, plaintiff's counsel can recover her *reasonable attorney fees and costs*. NCO's objection to the over $7,900 fee and costs claim of counsel is primarily that the number of hours being claimed is unreasonable, excessive and contrary to the express terms of the accepted Offer of Judgment.

Plaintiff's requested attorney's fees and costs of $7,989.00 are excessive and should be reduced for the following reasons: (1) Plaintiff seeks to recover fees incurred after the offer of judgment was issued to Plaintiff; (2) Plaintiff seeks fees for excessive,

duplicative, and non-compensable billing entries; and (3) Plaintiff's counsel seeks to be compensated at an excessive hourly rate. Attached as **Exhibit A,** for the Court's convenience, is a table of Plaintiff's bills submitted with Defendants' line-by-line objections.

As detailed below, NCO would submit that a proper fees and costs award on this case is $2,637.00.

## II.   LAW AND ARGUMENT

As made clear in Plaintiff's petition, pursuant to the FDCPA, a prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3). Regarding these fees, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . ." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). To determine a reasonable fee, a court takes the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Id.* at 433. This is often referred to as the lodestar amount, and the party seeking the attorney's fees bears the burden to prove the reasonableness of the requested fees. *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) citing *Hensley v. Eckerhart*, 461 U.S. at 433. The Court must then determine whether an adjustment to the lodestar is necessary using the *Johnson* factors. *Id.* (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

### A.   Counsel Cannot Recover Fees for Work Done After the Date NCO Served Plaintiff with the Offer of Judgment

The terms of NCO's Offer of Judgment were clear and unambiguous: NCO offered to compensate Plaintiff's counsel for the "<u>reasonable costs and attorney's fees accrued through the date of this Offer of Judgment</u>". *See Plaintiff's Memorandum in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit A [doc 8-1]*. After accepting the terms of the Offer of Judgment, plaintiff now seeks to recover the fees for 6.5 hours of work performed <u>after the date of the Offer of Judgment</u>. The terms of NCO's Offer of Judgment stated that costs and attorney's fees past the date of the Offer of Judgment were not recoverable. Plaintiff agreed to and accepted the terms of this Offer of Judgment on January 18, 2011. Accordingly, all of Plaintiff's requested attorney's fees incurred after January 18, 2011 cannot be recovered. *Sherry v. Protection, Inc.*, 14 F.Supp.2d 1055, 1058 (N.D. Ill. 1998); *Sussman v. Patterson*, 108 F.3d 1206, 1210-11 (10th Cir.1997); *Holland v. Roeser*, 37 F.3d 501 (9th Cir. 1994); *Whitcher v. Town of Matthews*, 136 F.R.D. 582, 586-87 (W.D.N.C.1991); *Said v. Commonwealth*, 130 F.R.D. 60, 64 (E.D.Va.1990); *Jones v. Federated Dep't Stores*, 527 F.Supp. 912, 920-21 (S.D.Ohio 1981).

In *Sherry*, the defendant served an Offer of Judgment that sought to limit the attorney fee recovery through the date of the Offer. When plaintiff's counsel sought to recover additional fees, the Court held that the terms of the Offer of Judgment dictated the amount of recovery of attorney's fees. The court stated that "since defendants' offer

of judgment expressly prohibits recovery of fees incurred after acceptance of the offer of judgment, [Plaintiff] has knowingly waived his right to recover such fees" *Id.*, 14 F.Supp.2d at 1058. *Sherry* compels the conclusion that plaintiffs are not permitted to circumvent the agreed-to terms of an accepted Offer of Judgment

In the present litigation, the Offer of Judgment expressly prohibits recovery of fees incurred after the date of the Offer of Judgment. The principles announced in *Sherry* apply equally to the terms of the Offer of Judgment in this case to control the amount of recoverable attorney fees. *See also, Guerrero v. Cummings*, 70 F.3d 1111 (9th Cir. 1995). As Plaintiff agreed to and accepted the terms of NCO's Offer of Judgment, she is now bound by its provisions. In its pending petition for fees, plaintiff is attempting to rewrite the terms of the accepted Offer of Judgment to increase the recoverable fees – which was not a part of the Offer or a term of the parties' agreement.

The terms of the Offer of Judgment expressly prohibit recovery after the January 18, 2011 date of the Offer of Judgment. Exhibit E to plaintiff's petition lists a total of 6.5 hours of attorney's fees that occurred after the January 18, 2011 date of the Offer of Judgment. *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*. Time was incurred by attorney Craig Kimmel, Christy Sunchych, Amy Bennecoff, and Tara Patterson. At Mr. Kimmel's alleged hourly rate of $425/hour, Ms. Sunchych's rate of $165/hour, Ms. Bennecoff's rate of $300/hour, and Ms. Patterson's rate of $300/hour, this amounts to $2,223.00 that is not recoverable. This amount should be subtracted from plaintiff's claimed attorney fees.

### B. Plaintiff Seeks Fees for Excessive, Non-Compensable, and Duplicative Time Entries

#### 1. Excessive Entries

Plaintiff has provided no evidence that the *amount* of time billed was reasonable. Plaintiff merely submits itemized time entries declaring the amount billed, but nothing supports her implied assertion that the entries themselves were *reasonable*. *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*. The undersigned, however, can attest several entries are excessive.

For example, Plaintiff's counsel billed 2.3 hours – in a single day – for "Email to Sara C. Williams", "Interview with client", "prepare memo to file on counts to file", and "research applicable state/federal statute to determine venue and possible state and federal counts." *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*, entry dated 5/13/10. On 10/14/10, Plaintiff's Counsel billed .9 for "Email correspondence with Sara Williams. Plaintiff's Counsel also billed an additional .3 on that day for emails sent to himself. Finally, on 6/2/10 Plaintiff's counsel billed 1.1 hours for "Email to Sara C. Williams." *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*. As such, Plaintiff's counsel's billing entries regarding the report are unreasonable. All similar excessive billing entries, as detailed in Exhibit A, should be reduced.

#### 2. Non-compensable Time

As stated above, Plaintiff should exercise "billing judgment" and should exclude "those hours that would be unreasonable to bill to a client. . . ." *Norman*, 836 F.2d at

6

1301 (11th Cir. 1988); *see also Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 552 (7th Cir. 1999) (The time an attorney spent updating her case and holding conferences with her paralegal are not "the type of services as attorney would normally bill to a paying client.").

Here, the bills contain several entries for administrative tasks such as "Open file in database", "mailed letter, complaint and waiver", and "Copy complaint to CD for electronic filing." *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*, entries dated 5/13/10, 11/4/10, and 10/29/10. Notably, many of these entries are for associates, paralegals, and law clerks. The inclusion of non-compensable, administrative tasks is likely to blame, in part, for her excessive billing entries.

### 3. Duplicative Entries

On November 3, 2010 there are entries by both Craig Kimmel and Christy Sunchych for "Serve complaint by Waiver on Defendant." The total time billed of .4 is not only excessive but duplicative and should be reduced.

Plaintiff's counsel touts experience in this area of law as justification for the increased hourly billing rate, but his experience should also reduce the overall *amount* of hours necessary to complete a task. The lodestar method provides compensation for actual time expended performing legal work, not value billing.

Likewise, Plaintiff's counsel cites to experience prosecuting consumer law claims specifically against Defendants, but nevertheless spent .5 "researching possible state and

federal counts." *See Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit B [doc 8-3]*, entry dated 5/13/10.

### C. Plaintiff's Counsel and Paralegals Claim an Unreasonable Rate

Attorney Kimmel's fee rate of $425/hour is excessive for a FDCPA case where the maximum statutory damages are capped at $1,000 per action. 15 U.S.C. § 1692k(a)2(a*)*. A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputations. *Blum v. Stanson*, 465 U.S. 886 (1984). While Plaintiff alleges that $425/hour fee is reasonable, she does not cite to a single case where Mr. Kimmel or any other attorney has been awarded $425/hour for a single plaintiff FDCPA action. Plaintiff cites numerous cases where $300/hour is awarded. *See Plaintiff's Motion for an Award of Attorney's Fees and Costs*. Plaintiff also alleges in her Exhibit G that Attorney Kimmel's proposed hourly rate was awarded in *class action* consumer litigation, but there is no support for single plaintiff consumer litigation. *See Plaintiff's Memorandum in Support of Plaintiff's Motion for an Award of Attorney's Fees and Costs Exhibit C.*

The fee schedule established by Community Legal Services, Inc. ("CLS") " has been approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." *Maldonado v. Houstoun*, 256 F.3d 181 (3rd Cir.2001); *Rainey v. Philadelphia Housing Auth.*, 832 F.Supp. 127 (E.D.Pa. 1993); *see also Dixon-Rollins v. Experian Information Solutions, Inc.*, 2010 WL 3734547 (E.D.Pa.).

The current CLS fee schedule[1] suggests that attorneys such as Mr. Kimmel with 21-25 years experience should charge hourly rates between $290-330. *See Exhibit B*. Taking into consideration Mr. Kimmel's skill as a consumer protection attorney, it is reasonable to adjust his hourly rate to $310 even though his experience level falls in the lower range of this group.

In addition, the hourly rate for Ms. Bennacoff, an attorney with 6 years tenure, should be reasonably billing at a rate of $200-$230 per hour. Ms. Patterson, an attorney with 10 years experience should be reasonably billing in the same range. Finally, a reasonable rate for a paralegal ranges from $70-$120 depending on experience. Based on experience it is reasonable for the paralegals in this matter to bill at a rate of $110 per hour.

As the FDCPA litigation in this case was straightforward and did not require complex legal analysis, the above suggested rates are appropriate to calculate the lodestar amount. In fact, there were no motions to defend, no discovery and not a single conference to attend. Accordingly, Plaintiff's attorney's fees for Attorney Kimmel should more appropriately reflect the market and court awarded rate should be $310/hour, attorney's fees for Attorney Patterson should be $230/hour, attorneys' fees for Attorney Bennacoff should be $210/hour and plaintiff's paralegal fees for Jason Ryan and Christy Sunchych should more appropriately reflect the market rate of $110/hour.

---

[1] The most current range of hourly rates provided by CLS has the effective date of April 1, 2006.

Accepting all of Defendants' suggested reductions for excessive, duplicative and non-compensable time and applying reasonable hourly rates per hour reduces Plaintiff's attorney's fees and costs to $2,637.00, as shown in Exhibit A.

### III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court award Plaintiff attorney's fees and costs of $2,637.00. This amount constitutes a reasonable hourly rate times a reasonable amount of time to prosecute the case. For a line by line breakdown of this total, please see NCO's Exhibit A.

Respectfully submitted,

/s/ Ross S. Enders
Ross S. Enders
**SESSIONS FISHMAN NATHAN & ISRAEL LLC**
200 Route 31 North, Suite 203
Flemington, NJ 08822
Telephone:  908-751-5797
Facsimile:  908-751-5944

*Attorney for Defendants,*
*NCO Financial Systems, Inc.*

## CERTIFICATE OF SERVICE

I certify that on this 31st day of March, 2011, a copy of the foregoing **Opposition to Plaintiff's Motion For Attorney's Fees and Costs Pursuant to Plaintiff's Acceptance of the Offer of Judgment** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below. Parties may access this filing through the Court's system.

>Craig Thor Kimmel
>Kimmel & Silverman, P.C.
>30 E. Butler Pike
>Ambler, PA 19002

>/s/ Ross S. Enders
>Attorney for Defendant
>NCO Financial Systems, Inc.