IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SARA C. WILLIAMS | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 10-5766 |
| v. | : | |
| | : | |
| NCO FINANCIAL SYSTEMS, INC. | : | |
| Defendant. | : | |

**OPINION**

**Slomsky, J.**                                                                                          May 10, 2011

## I.   INTRODUCTION

Before the Court is a motion filed by Plaintiff Sara C. Williams for an award of attorney's fees and costs in her favor in the amount of $7,989 pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. §§ 1681n and 1681o. (Doc. No. 8.) Defendant opposes Plaintiff's calculation of fees and costs and contends that the proper award should be $2,637. (Doc. No. 9.) For reasons that follow, the Court will grant Plaintiff's Motion and award attorney's fees and costs in the amount of $5,427.50.

## II.   BACKGROUND

On October 29, 2010, Plaintiff filed a Complaint alleging that Defendant violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq*., in attempting to collect a debt from Plaintiff. (Doc. No. 1; Doc. No. 9 at 1.) On January 18, 2011, Defendant filed an Answer to the Complaint (Doc. No. 4). During the litigation, Defendant served Plaintiff with an Offer of Judgment pursuant to Rule 68 of the Federal Rules of Civil Procedure, offering Plaintiff the

1

opportunity to have a judgment entered in her favor in the amount of $1,000, the maximum statutory damages that she would have been entitled to receive under the FDCPA.[1] (Doc. No. 8-1 at 3; Doc. No. 9 at 1.) The Offer of Judgment provides in relevant part:

1. Judgment shall be entered against NCO for damages in the total amount of One Thousand and No/100 Dollars ($1000) for damages incurred by plaintiff as a result of NCO's alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.*;

2. In addition, the Judgment entered shall include an additional amount for plaintiff's reasonable costs and attorney's fees accrued through the date of this Offer of Judgment either: 1) as agreed to by counsel for the parties; or 2) in the event counsel cannot agree, as determined by the Court upon application of plaintiff's counsel;

(Doc. No. 8-1 at 3.) According to Defendant, on January 18, 2011, it served Plaintiff with the Offer of Judgment, which Plaintiff accepted in an email sent on the same day. (Doc. No. 9 at 1.) Plaintiff disagrees with Defendant's proffered date of the offer and contends that Defendant served the Offer of Judgment in March 2011 and that Plaintiff accepted the Offer on March 2, 2011. (Doc. No. 8-1 at 3.) On March 3, 2011, Plaintiff filed with the Court the signed Offer of Judgment. (Doc. No. 6.) The same day, the Clerk of Court entered Judgment in favor of Plaintiff and against Defendant in the amount of $1,000, including attorney's fees acosts. (Doc. No. 7). Including attorney's fees and costs in the Judgment was a clerical error made by the

---

[1] Federal Rule of Civil Procedure 68(a) provides as follows:

**Making an Offer; Judgment on an Accepted Offer.** At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Clerk of Court because both the Offer of Judgment made by the Defendant and the relevant statute provide that Plaintiff is entitled to reasonable attorney's fees and costs above and beyond the $1,000 damage award. See 15 U.S.C. § 1692k(a)(3). Neither party disputes that Plaintiff is entitled to reasonable attorney's fees and costs. The parties have been unable to agree upon what is "reasonable." Therefore, as noted, Plaintiff filed the instant Petition for Attorney's Fees (Doc. No. 8) and Defendant filed a brief in Opposition (Doc. No. 9).

## III. DISCUSSION

### A. Legal Standard

Both parties agree that Plaintiff is entitled to reasonable attorney's fees and costs. Pursuant to the FDCPA, a prevailing plaintiff is entitled to "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(3). The U.S. Supreme Court has explained how the initial calculation of an award of attorney's fees is made:

> The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. The calculation provides an objective basis on which to make an initial estimate of the value of the lawyer's services.

Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The calculation produces what is referred to as the lodestar amount. See Damian J. v. School Dist. of Philadelphia, 358 Fed. App'x 333, 334 (3d Cir. 2009).

To determine a reasonable hourly rate, an attorney's customary billing rate is the proper starting point. The hourly rate of an attorney in the marketplace is also pertinent to the "reasonableness" evaluation. See Missouri v. Jenkins, 491 U.S. 274, 285 (1989) ("[W]e have consistently looked to the marketplace as our guide to what is 'reasonable'"); Blum v. Stevenson, 465 U.S. 886 (1984); Islamic Ctr. of Miss. v. Starkville, Miss., 876 F.2d 465, 469 (5th Cir.

3

1989). Moreover, when calculating the number of hours reasonably expended and the reasonable hourly rate, a court may consider twelve factors outlined in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). The factors are:

    (1) the time spent and labor required;
    (2) the novelty and difficulty of the questions;
    (3) the skill requisite to perform the legal services properly;
    (4) the preclusion of other employment by the attorney due to acceptance of the case;
    (5) the customary fee in the community;
    (6) whether the fee is fixed or contingent;
    (7) time limitations imposed by the client or the circumstances;
    (8) the amount of time involved and the results obtained;
    (9) the experience, reputation, and ability of the attorney;
    (10) the undesirability of the case;
    (11) the nature and length of the professional relationship with the client; and
    (12) the awards in similar cases.

See Daly v. Hill, 790 F.2d 1071, 1078 (4th Cir. 1986). In certain cases, the Johnson factors may also be considered as a basis for adjusting the lodestar amount. See Hensley, 461 U.S. at 434.

    B.    Analysis

Plaintiff has filed a Motion for attorney's fees and costs in the amount of $7,989 for legal services she received and for costs accrued from May 13, 2010 through March 17, 2011. In opposing the amount requested, Defendant makes three arguments. First, Defendant argues that Plaintiff is precluded from recovering fees for work done after Defendant served Plaintiff with the Offer of Judgment. Second, Defendant disputes the reasonableness of the hourly rate used by Plaintiff. Third, Defendant asserts that Plaintiff seeks fees for excessive, non-compensable, and duplicative hours spent working on the case. The Court will address each of Defendant's arguments below.

        1.    *Proper Time Period for Accrual of Attorney's Fees and Costs*

Federal Rule of Civil Procedure 68 provides, in pertinent part, that "[a]t least 14 days

before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68. The plain language of the Rule suggests that the costs and attorney's fees accrued as of the date the offer is served are compensable. See Marek v. Chesny, 473 U.S. 1 (1985) (holding that attorney's fees are included in the term "costs"); Holland v. Roeser, 37 F.3d 501, 503 (9th Cir. 1994) (citing Marek, 473 U.S. at 9) ("[A] plaintiff who accepts a Rule 68 offer is entitled to attorney's fees accrued at the time of the offer."). To avoid confusion about when fees and costs accrue, Rule 68 provides that parties shall file the offer and notice of acceptance, plus proof of service. This establishes a fixed date beyond which attorney's fees and costs will not be paid.

Despite the plain language of Rule 68, a party may specify within the offer of judgment a cut-off date for the accrual of fees and costs. For example, an offer of judgment may provide that fees and costs accrued as of the date of acceptance will be paid, or it may contain specific language indicating that fees and costs that accrued as of the date of service will be paid. See, e.g., Sherry v. Protection, Inc., 14 F. Supp. 2d 1055, 1056 (N.D. Ill. 1998) (defendants made an offer of judgment to plaintiff for attorney's fees accrued "through the date of acceptance of this offer"); Sussman v. Patterson, 108 F.3d 1206, 1210 (10th Cir. 1997) (the Offer of Judgment provided for attorney's fees as of the date of service because the defendants attached to their brief the Offer of Judgment which provided for "attorneys' fees *to date*" and also attached a certificate of service bearing the same date) (emphasis in original).

In this case, the Offer of Judgement states that the Judgment entered in favor of Plaintiff shall include Plaintiff's reasonable costs and attorney's fees "accrued through the date of this Offer of Judgment." Defendant argues that this provision covers fees and costs accrued as of the

date of service of the offer, and asserts that "counsel cannot recover fees for work done after the date [Defendant] served Plaintiff with the offer of judgment." (Doc. No. 9 at 4, heading A.) Defendant alleges that it served the Offer of Judgment on January 18, 2011 and that Plaintiff accepted the Offer of Judgment in an email on that same day. The email, however, is not included in the record in this case.

According to Plaintiff, the Offer of Judgment was served in "March 2011" and Plaintiff accepted the offer on March 2, 2011. Plaintiff is therefore claiming that the Offer of Judgment was served either on March 1 or 2, 2011, and has attached the Offer of Judgment to her Motion as an exhibit. On March 3, 2011, she filed with the Court the Offer of Judgment, but without proof of service as required by Fed. R. Civ. P. 68(a). (Doc. No. 8-1 at 2-3.) The document bears the signature of Plaintiff's counsel next to the word "Accepted" and above the date, March 2, 2011.

Based on the information in the record, the Court cannot determine with certainty the date on which the offer was served. However, Rule 68 provides that a party must provide written notice of acceptance of an offer within fourteen days of service. Fed. R. Civ. P. 68(a). Therefore, since the Offer of Judgment in this case was accepted on March 2, 2011, it follows that, in accordance with Rule 68, service must have been completed within the fourteen day period prior to March 2, 2011 – the date of acceptance. Defendant's allegation that the offer was served on January 18, 2011 – forty-three days before the date of acceptance – is not supported in the record, and Plaintiff's assertion that the offer was served on either March 1 or 2 is more plausible. Because March 2, 2011 is the only date certain here and the only date that is within the requirements of Rule 68, the Court will find for purposes of deciding the Motion for fees and

costs that service was made on this date. Consequently, Plaintiff will not be awarded attorney's fees or costs for any work done thereafter.[2]

  2. *Reasonable Hourly Rate*

To determine a reasonable hourly rate, an attorney's customary billing rate is the proper starting point, supplemented by consideration of the hourly rate common in the marketplace and any relevant Johnson factors. See Jenkins, 491 U.S. at 469. Plaintiff alleges that the hourly rates used are the customary billing rates of her attorneys and the paralegals in the firm and are commensurate with the prevailing rates for attorneys that practice in federal court.[3] (Doc. No. 8-1 at 23). Plaintiff supports the hourly rates claimed with affidavits from counsel in this case, attesting to the fact that the rates applied are reasonable in light of the attorneys' skill and

---

[2]  Plaintiff seeks attorney's fees and costs for work done through March 17, 2011. In accordance with the Court's findings, the hours logged from March 3, 2011 through March 17, 2011 will be excluded from the amount awarded. Although courts have held that a party in a FDCPA case may be entitled to attorney's fees accruing after the date of service of an offer of judgment for work done to prepare a fee petition, courts also make clear that an Offer of Judgment is a contract and if a party has agreed to the accrual date therein, that date will control. See Andrews v. Prof'l Bureau of Collections of Maryland, Inc., 270 F.R.D. 205 (M.D. Pa. 2010) (plaintiff is entitled to attorney's fees for the preparation of petition for fees, since the plaintiff expressly rejected the offer of judgment because it limited the amount of fees and costs recoverable to the date the offer of judgment was served); Holland v. Roeser, 37 F.3d 501 (9th Cir. 1994) (plaintiffs are entitled to attorney's fees for the preparation of petition for fees because the offer of judgment accepted by plaintiffs stated their entitlement to "costs now accrued *and reasonable attorney fees as determined by the court*.") (emphasis in opinion); Sherry v. Protection, Inc., 14 F. Supp. 2d 1055 (N.D. Ill. 1998) (plaintiff is not entitled to attorney's fees accrued after date of acceptance of offer of judgment because the offer expressly provided for accrual of fees as of date of acceptance). Thus, because the Court has found that March 2, 2011 is the cut-off date, fees and costs incurred after that date, including fees incurred for preparing the motion for attorney's fees and costs, will not be awarded.

[3]  The rates sought by Plaintiff are as follows: Craig Thor Kimmel (attorney), $425/hour; Amy L. Bennecoff (attorney), $300/hour; Tara L. Patterson (attorney), $300/hour; Jeff Ehrmann (paralegal), $150/hour; Jason Ryan (paralegal), $155/hour; Christy L. Sunchych (paralegal), $165/hour.

7

experience and the prevailing market rates. She has also submitted affidavits of two other attorneys who practice in the consumer protection field, each concurring with Plaintiff that the attorney's fees requested use an hourly rate that is a reasonable reflection of the market rate.[4] (See Doc. No. 8, Exhibits ("Exs.") C-D.) Plaintiff also submits a "Consumer Law Attorney Fee Survey," updated to 2007, which includes data reflecting average attorney fees in the mid-Atlantic region, as reported by members of the National Association of Consumer Advocates and Consumer Law Attorneys.[5] (See id., Ex. G.)

Defendant challenges the hourly rates utilized by Plaintiff, contending that they are above the prevailing market rates, even accounting for augmentation pursuant to the Johnson factors. (Doc. No. 9 at 8-10.) Defendant submits a fee schedule established by Community Legal Services, Inc. ("CLS"), a Philadelphia-based organization. Defendant correctly notes that this fee schedule has been cited with approval by the Third Circuit and the Eastern District of Pennsylvania as fairly reflecting prevailing market rates in Philadelphia. See Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001); Pelzer v. City of Philadelphia, et al., No. 07-38, 2011 WL 611817 (E.D. Pa. 2011).

---

[4] The two attorneys are Nicholas Bontrager of Krohn & Moss, and Marshall Meyers of Weisberg & Meyers, LLC. Neither attorney is licensed to practice in the Eastern District of Pennsylvania.

[5] Plaintiff also suggests that the market rate should be determined by reviewing the "Laffey Matrix," which takes its name from the case in which this matrix was first used, Laffey v. Northwest Airlines, 572 F. Supp. 354 (D.D.C. 1983), aff'd 746 F.2d 4 (D.C. Cir. 1984). The Laffey Matrix provides billing rates for attorneys in the Washington D.C. area and is not particularly pertinent in this case, where the relevant market is the Eastern District of Pennsylvania. See Interfaith Comty. Org. v. Honeywell Intern., Inc., 426 F.3d 694, 710 (3d Cir. 2005) (finding that the Laffey Matrix rate is a reasonable market rate for the Washington D.C. area).

The Court will use the CLS fee schedule, since it is a more relevant source to determine the market rate in this geographic region than the Consumer Law Attorney Fee Survey submitted by Plaintiff. The Court is not aware of any court within this Circuit that has relied upon the Consumer Law Attorney Fee Survey.

Turning first to Attorney Craig Thor Kimmel, lead counsel for Plaintiff, Mr. Kimmel's hourly billing rate is $425. Pursuant to the CLA guidelines, the average hourly rate in the market for an attorney with 21 to 25 years of experience, like Mr. Kimmel, is $290 to $330. Having determined Mr. Kimmel's customary billing rate and the market rate, the Court will now consider any relevant <u>Johnson</u> factors. The novelty and difficulty of the question at issue is not instructive here because this case appears to be a rather straightforward FDCPA case, and Mr. Kimmel admits to having litigated "thousands" of similar cases.[6] (Doc. No. 8-4 ¶ 17.) On the other hand, Mr. Kimmel's high level of experience and his reputation in the field, as detailed in his affidavit, (<u>see</u> Doc. No. 8, Ex. C), supports a finding that Mr. Kimmel's hourly rate should fall at the high end of the market rate range. Moreover, the CLS rate, which is a general rate that applies across all practice areas, does not take into account the opinions of Mr. Kimmel's colleagues in the field of consumer protection litigation that the rates charged by his firm, Kimmel & Silverman, are reasonable in the industry and probably even below market rate. (<u>See</u> Doc. No. 8, Ex. D.) A consideration of all these factors supports an award of attorney's fees above the applicable CLS market range. Based on the above, the Court concludes that $400 is a reasonable hourly rate for Mr. Kimmel.

---

[6] In fact, a review of the docket indicates that no motions or briefs were filed in this matter and no status conferences were held with the Court.

Attorneys Amy L. Bennecoff and Tara L. Patterson, respectively, have six years and ten years of experience as attorneys, and, both bill at the rate of $300 per hour for consumer FDCPA matters. Pursuant to CLS guidelines, the average hourly rate in the market for an attorney with six to ten years experience is $200 to $230. However, the Court need not determine whether their respective billing rates are reasonable because both Ms. Bennecoff and Ms. Patterson billed for time spent on this matter only after March 2, 2011, the cut-off date established above. The hours that they worked on this case relate only to the preparation and filing of the fee petition and will not be included in the calculation.

Finally, paralegals Jeff Ehrmann, Jason Ryan, and Christy L. Sunchych have billed at an hourly rate of $150 to $165. Pursuant to CLS guidelines, a reasonable hourly rate for paralegals is between $70 and $90. The Kimmel & Silverman paralegals' hourly rate is more akin to the CLS guideline for an attorney with less than two years experience, which is $150 to $170. Because the consumer protection litigation field is a specialized one, and the CLS guidelines relate to the work of paralegals in general, the Court finds it reasonable that paralegals who work in this specific field warrant an hourly rate above the CLS guideline for paralegals. Based on this finding, the Court concludes that $150, $155, and $165 are reasonable hourly rates for Jeff Ehrmann, Jason Ryan, and Christy L. Sunchych, respectively.[7]

### 3. *Number of Hours Reasonably Expended on the Litigation*

When awarding fees, a district court must "decide whether the hours set out were

---

[7] Although the Court finds that the hourly rates billed by the paralegals are reasonable and that the paralegals performed work within the proper time-period, as explained below, the administrative work performed by the paralegals is not the type normally billed to a client and therefore will be excluded from the fee calculus.

reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" Interfaith Comty. Org., 426 F.3d at 710 (quoting Public Interest Research Group v. Windall, 51 F.3d 1179, 1188 (3d Cir. 1995). In response to the specific objections made by a party opposing the award of fees and costs, a court must conduct a "thorough and searching analysis" to identify charges that should be excluded. See id. (quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001)). Time that would not be billed to a client cannot be imposed on an adversary. Windall, 51 F. 3d at 1188.

In this case, Defendant objects to 13.1 out of the 20.8 hours of the total billable time claimed by Plaintiff. Of the 13.1 hours challenged, 6.5 hours accrued from January 18, 2011, the date on which Defendant claims the offer was served, through the end of the billing cycle, March 17, 2011. Defendant therefore requests that the 6.5 hours be excluded in their entirety from the calculus because these hours occurred after the offer was served. The Court has already determined that Plaintiff is entitled to fees and costs through March 2, 2011. Of the 6.5 hours, .7 hours were billed from January 18, 2011 through March 2, 2011 and will be included in the fee award. However, 5.8 hours were billed for time expended after March 2, 2011 and will be excluded.

Defendant has not made any other argument for excluding the 6.5 hours accrued after January 18, 2011. The Court "may not reduce an award *sua sponte*; rather it can only do so in response to specific objections made by the opposing party." Interfaith Comty. Org., 426 F. 3d at 711. Because Defendants made no other specific objection to the .7 hours accrued from January 18, 2011 through March 2, 2011, the Court will not reduce the fees claimed for the .7 hours.

With regard to the remaining 6.6 hours that were challenged, Defendant has met its obligation to make "specific objections" by attaching to a memorandum a detailed table including line-by-line objections to Plaintiff's hours. The burden now shifts to Plaintiff to justify the size of its request. Interfaith Comty. Org., 426 F.3d at 711. Plaintiff has done so by providing a five-page outline of the work performed and the time expended. The time sheets submitted adequately "specify for each attorney [and paralegal], the date, the hours expended, and the nature of the work done." Nat'l Elec. Benefit Fund v. Starko Electric Servs., Inc., No. 06-1446, 2010 WL 1049980, at *4 (Mar. 16, 2010) (quoting Hensley, 461 U.S. at 433). Of the 6.6 hours, 4.6 are for time billed by Mr. Kimmel. A review of the time sheets demonstrates Mr. Kimmel's explanation of the work performed during the 4.6 hours is reasonable. Defendant's objections to the hours claimed are not sufficient to overcome Plaintiff's detailed presentation in support of the request for fees and costs.

With regard to the balance of 2 hours, Defendant has made a persuasive argument that 1.5 hours expended by paralegals on administrative tasks such as opening a file in a database, mailing letters, and copying documents to a CD should be excluded from Plaintiff's petition. Administrative tasks are not the type normally billed to a paying client and Plaintiff cannot recover for these costs. See Spegon v. Catholic Bishop of Chicago, 175 F. 3d 544, 552 (7th Cir. 1999) (finding the district court did not abuse its discretion by disallowing attorney's time spent on administrative tasks and striking nearly all of the paralegal's hours). Plaintiff also seeks compensation for .5 hours of time billed by paralegal Jason Ryan on non-administrative tasks. Mr. Ryan billed .5 hours for a discussion with an associate, "creat[ion] [of a] factual summary," and "prepar[ation] [of an] outline of linked events." The Court will include the .5 hours of non-

administrative time in the final calculus of attorney's fees at Mr. Ryan's hourly billing rate of $155. Permitting a fee award for this work is warranted because it involves activities that are more than just administrative.

    4. *Calculation*

Based on the above analysis, Plaintiff is entitled to an award of attorney's fees in the amount of $5,077.50. This accounts for 12.5 hours of time billed from May 13, 2010 through March 2, 2011 by Mr. Kimmel, at the hourly rate of $400, and .5 hours of time billed on May 13, 2010 by paralegal Jason Ryan for non-administrative work, at the hourly rate of $155. Plaintiff is also entitled to be reimbursed for a cost of $350, which is the cost for filing the Complaint in this Court. In total, the Court will award Plaintiff attorney's fees and costs in the amount of $5,427.50.

**IV. CONCLUSION**

For the foregoing reasons, the Court will grant Plaintiff's Petition for Attorney's Fees Pursuant to Federal Rule of Civil Procedure 54(d) and 15 U.S.C. §§ 1681n and 1881o. Accordingly, the Court will award Plaintiff attorney's fees and costs in the amount of $5,427.50.

An appropriate Order follows.